FOURNET, Chief Justice.
 

 The Arkansas and Louisiana Missouri Railway Co. along with 16 other railroad companies
 
 [1]
 
 operating within this state filed application with the Louisiana Public Service Commission, hereinafter referred to as the Commission, for authority to increase intrastate switching charges corresponding to those authorized by the Interstate Commerce Commission on interstate switching
 
 [2]
 
 in the amount of $3.03 per car per switch in Louisiana East of the Mississippi and $3.22 per car per switch in Louisiana West of the Mississippi. Stauffer Chemical Co., as owner of certain railroad tank cars used in intrastate shipments, intervened opposing the increase as inequitable. Following a full hearing, the Commission found, “After due consideration of the evidence it is the finding of the Commission that * * * the increase switching charges are justified,” but, “that the proposed increase on privately owned cars has not been justified in this record by the applicant,” and, accordingly, its order No. 8846 was issued granting the increase in switching charges but excepting privately owned cars.
 

 Availing itself of the provisions of the Louisiana Constitution, Art. 6, Sec. 5, the railroad companies instituted proceedings in the 19th Judicial District Court to have the ruling reviewed. The district judge, after hearing additional evidence, referred the application back to the Commission who refused to change the earlier order; hence, the district court handed down its judgment affirming the decision of the Commission whereupon the railroad companies perfected this appeal.
 

 Counsel for appellant contends, “There is no evidence which justified exception of
 
 *968
 
 charges on privately-owned cars from the general increase in switching charges and, as a matter of law, the Commission erred in making and the district judge erred in permitting such an exception.” Counsel maintains in argument, both orally and in brief, that the railroads’ increase in expense in switching is equally applicable to privately-owned cars as to those owned by the railroads themselves and further points out that the private car owners are compensated for their expense in maintaining their own cars by receiving a car mileage allowance and, therefore, the exception is not justified nor is the charge unreasonable and there should be an overall increase as ordered by the Interstate Commerce Commission.
 

 The trial judge in his written reasons for judgment agreed with the Commission that the evidence did not justify the proposed increase on privately owned cars, pointing out, “Mileage allowance is a figure arrived at by the railroad which they claim adequately compensates, * * *, the car owners for the cost of their car. But it is brought out repeatedly in the testimony
 
 [1]
 
 that this mjleage allowance paid by the railroads to the private car owners applied only to what is known as
 
 line hauls.
 
 * * * It must be recognized and appreciated that
 
 the
 
 Interstate Commerce Commission in its .Order 223, was dealing with interstate shipments and involving shipping charges associated with and resulting from interstate shipments. So the railroad’s contention that its mileage allowance made to private car owners compensates the private car owners for the cost of their equipment may be true in
 
 line hauls
 
 or interstate shipments, but this is not necessarily true on intrastate shipments, for as a matter of fact intrastate shipments consist of very short hauls and sometimes not any. Oftentimes the switching involves only terminal movements of cars.” (Emphasis added.)
 

 According to the settled jurispn*? dence of this court the decisions of the Louisiana Public Service Commission are to be accorded a great weight and are not to be disturbed unless they are found to be clearly erroneous or unsupported by the evidence. Texas & New Orleans Railroad Co. v. Louisiana Public Service Comm., 233 La. 787, 98 So.2d 189; Texas & Pacific Railway Co. v. Louisiana Public Service Comm., 240 La. 669, 124 So.2d 902; United Gas Pipe Line Co. v. Louisiana Public Service Comm., 241 La. 687, 130 So.2d 652. In the latter case it was aptly observed that, “Courts should act slowly in substituting their own views for those of the expert body charged with the legislative function of rate making, a technical field which embraces far-reaching economic policies. The decision of the Commission should not be disturbed in the absence of a clear showing of abuse of power.”
 

 
 *970
 
 We are in full agreement with the views of the trial judge that according to the record as made up the proposed increase on privately owned cars was not justified. The evidence reveals switching charges are based on (1) the expense of performing the switching operation and (2) car ownership expense such as maintenance, repairs and depreciation. Whenever any railroad uses another railroad’s car the latter is compensated by the former on a per diem payment basis; when a private owner’s car is used they are compensated on a mileage allowance basis. However, appellant’s witnesses stated most emphatically that this mileage allowance to the private car owner is paid only when his car is used in
 
 line haul service in interstate shipments
 
 and has no application in intrastate shipments.
 

 For the reasons assigned the judgment of the district court is affirmed.
 

 [1]
 

 . The other plaintiffs herein are: Chicago, Rock Island
 
 &
 
 Pacific Railroad Co.; Gulf, Colorado & Santa Re Railway Co.; Gulf, Mobile & Ohio Railroad Co.; Illinois Central Railroad; Kansas City Southern Railway Co.; Louisville & Nashville Railroad Co.; Missouri Pacific Railroad Co.; New Orleans & Lower Coast Railroad Co.; New Orleans & Northeastern Railroad Go.; New Orleans Terminal Co.; St. Louis Southwestern Railway Co.; Tremone & Gulf Railway Co.; Texas & New Orleans Railroad Co.; and Texas & Pacific Railway Co.
 

 [2]
 

 . By orders issued Nov. 22, 1961 and Oct. 25, 1962 the Interstate Commerce Commission increased switching charges, 315 ICC 199; 318 ICC 485.