254 So.2d 613

**COMMUNICATIONS INDUSTRIES, INC.**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION.**

**No. 51253.**

Nov. 8, 1971.

Rehearing Denied Dec. 13, 1971.

Naff, Kennedy, Goodman & Donovan, Robert U. Goodman, Shreveport, John Schwab, Baton Rouge, for plaintiff-appellant.

Reggie & Harrington, T. Barrett Harrington, Crowley, Joseph H. Kavanaugh, Marshall B. Brinkley, Baton Rouge, for defendant-appellee.

SANDERS, Justice.

This is an appeal from the judgment of the Nineteenth Judicial District Court affirming an Order of the Louisiana Public Service Commission granting a certificate of convenience and necessity.

The plaintiff, Communications Industries, Inc., doing business as New Orleans Mobilfone, has, since September of 1968, held a Certificate of Public Convenience and Necessity as a Radio Common Carrier.

This Certificate, issued by the Louisiana Public Service Commission, authorizes Mobilfone to provide land mobile radio service for radio-telephone communications in a large area in southeastern Louisiana. The area includes Venice, Louisiana; a Mobilfone radio telephone station in Buras provides service for the Venice area.

About fifteen months after Mobilfone secured the Certificate, Coastal Answering Service, Inc., the Intervenor in this action, applied to the Commission for a Certificate of Public Convenience and Necessity for radio-telephone operations in the Venice Area.

Notice of hearing on the Coastal application was issued to Mobilfone and others on March 14, 1969. Pursuant to this notice, the Commission held a public hearing on April 14, 1969. Mobilfone appeared at that hearing and opposed the Coastal application, offering evidence and presenting argument.

On July 29, 1969, the Commission granted a Certificate to Coastal. Mobilfone applied for and was granted a rehearing. The Commission, however, after the rehearing, reinstated the original order.

Mobilfone appealed the Commission Order by filing suit against the Commission pursuant to LSA–R.S. 45:1192 in the Nineteenth Judicial District Court. That Court affirmed the Commission Order granting the certificate. Mobilfone has appealed to this Court.

The appeal rests upon the theory that the Commission, in granting Coastal a certificate, failed to meet the procedural and substantive requirements of LSA–R.S. 45:1503(C). That statute provides:

"The commission shall not grant a certificate for a proposed radio common carrier operation or extension thereof which will be in competition with or duplication of any other radio common carrier unless it shall first determine that the existing service is inadequate to meet the reasonable needs of the public and that the person operating the same is unable to or refuses or neglects after hearing on reasonable notice to provide reasonable adequate service."

In testimony, the owners of both Mobilfone and Coastal agreed that their services would compete. Furthermore, the brief filed in this Court on behalf of Coastal and the Commission concedes that "at all times throughout the proceedings before the * * * Commission as well as in the Court below, all of the parties to the hearing, as well as the Commission itself, addressed themselves to the issue of inadequate service in the Venice area." Since it is undisputed that the case involves competing services, a fair resolution requires a determination of the procedural demands of the statute.

Mobilfone argues that the clause which reads " * * * unless it [the Commission] shall *first* determine that the existing

service is inadequate * * * *and* that the person operating the same is unable to or refuses or neglects *after hearing on reasonable notice* to provide reasonable adequate service" requires a two-step procedure in which there would first be a determination of inadequacy, with a notice of this determination then specifically given to the existing operator together with a notice of a second hearing at which the operator may prove that it can and will upgrade its service.

The Coastal position is that a fair reading of the statute, as a whole, makes it clear that the language demands only *one* hearing on *one* reasonable notice. The issue at that hearing is the adequacy of existing service, and if inadequate, whether the Certificate holder is ready, able, and willing to provide adequate service.

In our recent decision in White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (1971), we left open the question of the type of hearing required by this statute with the following reservation:

"We do not here determine that an entirely separate hearing must be had for the Commission to comply with R.S. 45:1503C."

The question is now squarely presented. After consideration, we are of the opinion that the statute is ambiguous. It does not follow, however, that its meaning cannot be determined. In such a situation, the Court may summon to its aid the reason, spirit, and purpose of the statute.

Article 18 of the Louisiana Civil Code provides:

"The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."

Manifestly, the statutory purposes are to provide efficient service in radiotelephone communications and to preserve procedural fairness in the administration of the certificates.

The one-hearing construction advances both of these objectives, while the two-hearing construction does not.

It is unlikely that a Certificate applicant would expend the money necessary to set up an operation and marshal the legal and technical assistance to show that the existing service is inadequate if the outcome would always be only a second chance for the established operator. Such a procedure would defeat rather than regulate competition.

It seems clear that the delays inherent in a two-hearing procedure would frustrate legitimate consumer interest in the swift correction of inadequate service.

Procedural fairness, a compelling consideration, lends no support to the two-hear-

ing theory. So long as reasonable notice is coupled with a reasonable opportunity to be heard, such fairness is assured.

■ We construe the statute to require one hearing upon reasonable notice. Such a construction is consistent with the established procedure of the Louisiana Public Service Commission, which has been empowered to adopt rules for its hearings. See Article 6, Section 4, Louisiana Constitution.

■ The factual issue under the statute is twofold: (1) whether the existing service is inadequate to meet the reasonable needs of the public, and (2) whether the existing operator is unable to or refuses or neglects to provide adequate service.

The record reflects that Mobilfone's service in the Venice area is congested and characterized by delays. Customers often wait from half an hour to two hours to complete their calls. The Mobilfone owner conceded that the service had been poor "for quite a while."

The record also contains evidence that Mobilfone has been unable, even after acquiring an additional channel from the Federal Communications Commission, to adequately serve the area.

Upon the evidence, the Louisiana Public Service Commission obviously found that the service was inadequate and that the present operator was unable to provide adequate service.

■ Radio-telephone communications is a technical service entrusted to the jurisdiction of the Louisiana Public Service Commission. Under well-accepted standards of judicial review, the Commission's ruling will be set aside only if the ruling is arbitrary, capricious, or abusive of power. Louisiana Power & L. Co. v. Louisiana Pub. Serv. Comm., 256 La. 656, 237 So.2d 673; Arkansas & La. Mo. Ry. Co. v. Louisiana Pub. Serv. Comm., 251 La. 963, 207 So.2d 760; Gulf States Utilities Co. v. Louisiana Pub. Serv. Comm., 222 La. 132, 62 So.2d 250.

We conclude that the record provides no basis for disturbing the ruling upheld by the trial court.

For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.