426 So.2d 606 (1983)
SOUTHERN MESSAGE SERVICE, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION and Radio and Communication Consultants, Inc.
No. 82-CA-1870.
Supreme Court of Louisiana.
January 10, 1983.
Rehearing Denied February 11, 1983.
Carlos G. Spaht, Kantrow, Spaht, Weaber & Walter, Baton Rouge, for plaintiff-appellant.
John M. Madison, Jr., Wiener, Weiss, Madison & Howell, Shreveport, Tom F. Phillips, Taylor, Porter, Brooks & Phillips, Marshall B. Brinkley, Baton Rouge, Louisiana Public Service Com'n, Baton Rouge, for defendant-appellee.
MARCUS, Justice.
This is an appeal, pursuant to La. Const. art. 4, § 21(E), by Southern Message Service, Inc. (Southern) from a judgment of the district court affirming an order of the Louisiana Public Service Commission granting a certificate of public convenience and necessity to Radio and Communication Consultants, Inc. (RCCI) to serve as a radio common carrier in the Shreveport and Natchitoches area.[1]
In January 1980, RCCI filed an application pursuant to La.R.S. 45:1500, et seq., for a certificate of public convenience and necessity to serve as a radio common carrier in the Shreveport and Natchitoches area. It was alleged that the present carrier (Southern) failed to provide adequate service to meet the reasonable needs of the public. Specific allegations of inadequate *607 service were set forth in the application. South Central Bell Telephone Company was named as the only other known party at interest. Southern filed an exception to the application on the ground that the application failed to allege that Southern was "unable or refuses or neglects after hearing on reasonable notice to provide reasonable, adequate service." By amended and supplemental petition, RCCI made such an allegation. After a hearing, the Commission overruled the exception finding that applicant (RCCI) should be given the opportunity to present its case at a "single hearing" at which applicant would have to meet the requirements of La.R.S. 45:1500-1503. A further amended application of RCCI listed the names and addresses of the witnesses proposed to be called at the hearing on the merits. Discovery by written interrogatories and by depositions upon oral examination followed. A hearing before an examiner was held on January 15 and February 24, 1981 (a year after the filing of the original application) and thereafter taken under advisement. The Commission, finding that applicant (RCCI) had proved public convenience and necessity as required by La.R.S. 45:1500-1503, approved the application and ordered a certificate be issued on receipt of the tariff. This order was signed on June 4, 1981. Southern's application for rehearing was denied.
Pursuant to La. Const. art. 4, § 21(E) and La.R.S. 45:1192, Southern filed a petition in the district court setting forth the particular cause of objection to the order of the Commission. After a hearing, the district judge, finding "some evidence upon which the commission could make its decision that appellant [Southern] was not providing adequate service to meet the needs of the public and that appellant is unable to or refuses or neglects to provide adequate service," affirmed the order of the Commission.
On appeal to this court, Southern contends that the Commission failed to meet the procedural requirements of La.R.S. 45:1503(C) and that there was insufficient evidence to support the Commission's order. La.R.S. 45:1503(C) provides:
The commission shall not grant a certificate for a proposed radio common carrier operation or extension thereof which will be in competition with or duplication of any other radio common carrier unless it shall first determine that the existing service is inadequate to meet the reasonable needs of the public and that the person operating the same is unable to or refuses or neglects after hearing on reasonable notice to provide reasonable adequate service.
Southern argues that under the above statute, the Commission erred in granting a certificate to RCCI without first determining that the existing service was inadequate to meet the reasonable needs of the public and then "notifying such carriers of such deficiencies and giving them reasonable opportunity to correct such deficiencies." A similar argument was made by Mobilfone in Communications Ind., Inc. v. Louisiana Public Service Commission, 260 La. 1, 254 So.2d 613 (1971), in which it was contended that the above statute required a "two-step procedure in which there would first be a determination of inadequacy, with a notice of this determination then specifically given to the existing operator together with a notice of a second hearing at which the operator may prove that it can and will upgrade its service." We rejected this contention. After finding the statute ambiguous, we construed it to require only "one hearing upon reasonable notice." We further held that the factual issue under the statute is twofold: (1) whether the existing service is inadequate to meet the reasonable needs of the public, and (2) whether the existing operator is unable to or refuses or neglects to provide adequate service. We adhere to this interpretation of the statute.
Radio-telephone communications is a technical service entrusted to the jurisdiction of the Louisiana Public Service Commission. Under well-accepted standards of judicial review, the Commission's ruling will be set aside only if the ruling is arbitrary, capricious or abusive of power. Communications Ind., supra. While a ruling of the Commission may be deemed arbitrary *608 unless supported by some factual evidence, the function of the court on judicial review is not to reweigh and re-evaluate the evidence and to substitute its judgment for that of the administrative agency constitutionally entrusted with the regulation of the matter. Louisiana Power and Light Co. v. Louisiana Public Service Commission, 358 So.2d 623 (La.1978). Thus, in the instant case, we must review the record to determine whether there is some evidence to support the factual findings mandated by La.R.S. 45:1503(C).
RCCI presented the testimony of eleven independent witnesses (some by depositions). A review of this testimony reveals the following: Four persons testified that they experienced unduly crowded frequencies when attempting to use Southern's mobile telephone equipment. One of these witnesses complained to the president of Southern about the overcrowded problem. He was told that the telephone company had gone up on their prices and that "they [Southern] had more than they could handle." This witness also related that when he called about the problem the president of the company "didn't act like he was very concerned if I stayed or not." This individual had been a customer of Southern for over sixteen years. Four of the witnesses testified that they experienced coverage problems in certain areas serviced by Southern. One of these persons contacted the Southern office to request a pager by telephone. He was told that Southern could not cover over a twelve mile area and that he was out of their range. This individual's business was located eleven miles from downtown Shreveport and four miles from the city limits. Two witnesses testified that they had received many spurious calls on Southern's paging equipment. One of these persons testified that because of this problem the equipment he was using was returned to Southern on numerous occasions for maintenance. He was told that the problem was caused by overlapping frequencies and that the equipment needed adjusting. However, "[they] never seemed to solve the problem" and "there was no obvious improvement of the service...." Two of the witnesses testified that because of inadequate service they were forced to obtain their own communications equipment at a considerable expense. One of these witnesses asked Southern repeatedly for a newer type of set for his business. More than one year elapsed and it was never made available. Eventually he purchased his own equipment. Five of the witnesses complained of problems with the equipment furnished by Southern either mechanical malfunctions or the type of equipment being furnished. Finally, one of the witnesses testified that the Southern operators were either rude or inefficient.
Southern also presented evidence at the hearing. A review of the testimony of its witnesses reveals that these persons were more than satisfied with the service, coverage, equipment and efficiency of the Southern operation. In addition, the record reveals that Southern has made improvements in its equipment in the last several years, is presently building a new tower in Shreveport, has recently added two additional paging channels, and the FCC had approved its application for two additional UHF channels in the Shreveport area.
The evidence presented by these two parties is certainly conflicting. However, the function of this court is not to reweigh and re-evaluate the evidence and then substitute our judgment for that of the Commission. Clearly, there is more than "some" evidence to support the conclusion that the Commission found that the service being rendered by Southern was inadequate and that Southern is either unable, refuses or neglects to provide reasonable adequate service. Accordingly, we find no basis for setting aside the order of the Commission. The ruling was not arbitrary, capricious or abusive of power. The district court was correct in affirming the Commission's order. We affirm.

DECREE
For the reasons assigned, the judgment of the district court affirming the order of the Louisiana Public Service Commission granting a certificate of public convenience and necessity to Radio and Communication *609 Consultants, Inc. to serve as a common radio carrier is affirmed.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
The majority opinion, in my view incorrectly interprets La.R.S. 45:1503(C), as did our opinion in Communications, Ind., Inc. v. Louisiana Public Service Commission, 260 La. 1, 254 So.2d 613 (1971), as requiring only a single hearing before the commission may grant a certificate to a radio common carrier which will be in competition with or duplicate other radio common carrier operations. The statute clearly requires a twostep procedure: (1) a determination of inadequacy in existing service, with notice of this determination given to the existing operator, (2) a second determination of whether the operator is unable, refuses, or neglects to provide reasonably adequate service. See Nashville Mobilphone, Inc. v. Z.D. Atkins, 536 S.W.2d 335 (Tenn.1976). This issue was not properly before this court in the prior appearance of these parties in Southern Message Service, Inc. v. Louisiana Public Service Commission, 370 So.2d 874 (La.1979), as Southern Message specifically argued in brief that it had never claimed that 45:1503(C) required a two-step determination.
NOTES
[1] Previously, the same parties were before this court. In 1977, the Commission granted RCCI a radio common carrier certificate in the Shreveport and Natchitoches area. The Commission found that applicant's witnesses testified that service from Southern had not been completely adequate and that complaints had been registered with that company. This court, in a 4-3 decision, affirmed the judgment of the district court reversing the Commission's order and held that "Radio [RCCI] has not sustained the burden of proof required by Section 1503 C of Title 45 of the Revised Statutes." Southern Message Service, Inc. v. Louisiana Public Service Commission, 370 So.2d 874 (La.1974).