573 So.2d 460 (1991)
RADIOFONE, INC.
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
LOUISIANA ASSOCIATION OF RADIO COMMON CARRIERS
v.
LOUISIANA PUBLIC SERVICE COMMISSION.
Nos. 90-CA-1723, 90-CA-1724.
Supreme Court of Louisiana.
January 22, 1991.
W. Glenn Burns, Margaret Silverstein, Monroe & Lemann, New Orleans, for Groom Enterprises, Inc. plaintiff-appellant.
Ashton R. Hardy, Regina Wedig, New Orleans, James L. Ellis, Baton Rouge, Robert Rieger, Carlos G. Spaht, Baton Rouge, for appellee.
CALOGERO, Chief Justice.
We must determine whether Groome Enterprises, Inc. (Groome) made a sufficient showing under the radio common carrier statute, LSA-R.S. 45:1503(C), to warrant *461 the grant of a certificate of public convenience and necessity by the Louisiana Public Service Commission (Commission). The applicant, John William Groome, sought a certificate to enable his company to operate a paging service as a radio common carrier in several parishes in which Radiofone is the existing common carrier. The Commission granted the certificate despite the Hearing Examiner's recommendations to deny after each of the two hearings on the matter.[1]
Appeals were taken by Radiofone and the Louisiana Association of Radio Common Carriers in the Nineteenth Judical District Court. The district court reversed the Commission's order, concluding that the evidence presented by Groome was not sufficient to meet the statutory requirements of the radio common carrier statute.
Groome appealed directly to this Court pursuant to Article IV, § 21(E) of the Louisiana Constitution of 1974. The Commission chose not to appeal the district court's reversal of their order. After a review of the record, we conclude that the district court acted properly in reversing the Commission's order.
Where there is an existing radio common carrier, entry of a competing carrier is governed by La.R.S. 45:1503(C):
The commission shall not grant a certificate for a proposed radio common carrier operation or extension thereof which will be in competition with or duplication of any other radio common carrier unless it shall first determine [1] that the existing service is inadequate to meet the reasonable needs of the public and [2] that the person operating the same is unable to or refuses or neglects after hearing on reasonable notice to provide reasonable adequate service.
La.Rev.Stat.Ann. § 45:1503(C) (West 1982).
Radiofone is the existing radio common carrier in Groome's proposed service areas of Orleans, Jefferson, St. Bernard, St. Charles, Plaquemine, Terrebonne and St. Tammany Parishes. Therefore, the Commission is authorized to grant a competing certificate to Groome only if Groome carries the burden of proving that 1) Radiofone's service is inadequate, and 2) that Radiofone is unable, refuses, or neglects, after hearing, to provide reasonable adequate service.
The standard of review of Commission orders is well settled. Although Commission orders are generally accorded great weight, they must be overturned if arbitrary, capricious, and not reasonably based upon the evidence presented. See, e.g., Southern Message Service v. Louisiana Pub. Serv. Comm'n, 554 So.2d 47, 56 (La.1989) (Southern Message IV); Southern Message Service v. Louisiana Pub. Serv. Comm'n, 426 So.2d 606, 607 (La. 1983) (Southern Message II); Communications Indus., Inc. v. Louisiana Pub. Serv. Comm'n, 260 La. 1, 254 So.2d 613 (La.1971).
The district court's finding, with which we are in agreement, was that the applicant's showing before the Commission failed in both respects. The evidence did not prove inadequate service, much less that Radiofone has been unable, refuses, or neglects to provide reasonable adequate service. The evidence is to the contrary.[2] The Commission's only finding relative to inadequacy of service had to do with Groome's offering additional customer convenience features not currently offered by Radiofone. The evidence, however, does not support the conclusion that this makes Radiofone's service inadequate. Mr. Harrel Freeman, Radiofone's employee and expert witness, testified that most of the proposed services suggested by Groome, such as voice prompts and repeat page, had *462 been offered at one time by Radiofone, but discontinued for lack of demand. The only evidence of public demand for the supplemental features was the general and conclusory allegations by the applicant himself that the customers of his private paging service appreciate the enhanced services. As we recently stated, "[g]eneral, conclusory, and self-serving statements are insufficient to prove that the public convenience and necessity requires additional service." CTS Enterprises v. Louisiana Pub. Serv. Comm'n, 540 So.2d 275, 280 (La.1989).
The apparent reason for the granting of the certificate was a pro-competition agenda of the Commission majority which voted to grant the certificate. But as we have previously said:
The commission may well be correct in its assertion that Louisiana's consumers would be better served by more competition in the radio common carrier industry.... In the face of clear legislative direction to the contrary, however, that decision is for neither the commission nor this court to make. If the industry is to be deregulated, then such deregulation must come from the legislature. Until this occurs, we and the commission are bound to enforce the statutes as written.
Southern Message IV, 554 So.2d at 55.
La.R.S. 45:1503(C) embodies the Legislature's policy decision to protect the public interest by avoiding the costs of unrestrained competition which would result in wasteful duplication of services. See Southern Message IV, 554 So.2d at 55. The Commission's policy-making decision here must yield to that of the Legislature.

Decree
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] The applicant produced no evidence at the first hearing. The Commission on its own motion, and over the objection of Radiofone, granted Groome another hearing as an opportunity to supply information to meet the statutory requirements of LSA-R.S. 45:1503(C).
[2] Radiofone produced seven public witnesses who each testified that their service with Radiofone is adequate and that they obtain quick response when problems arise. Radiofone's counsel also requested the Commission to take cognizance that no complaints had been filed concerning the existing service.